O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN BUTTON,<br><br>             Plaintiff,<br>    v.<br>GREENPOINT MORTGAGE FUNDING, INC.; AURORA LOAN SERVICES LLC; U.S. BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; and QUALITY LOAN SERVICE CORP.,<br><br>             Defendants. | Case No. 2:12-cv-5528-ODW(VBKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELMINARY INJUNCTION [7]** |

Pending before the Court is Plaintiff Gwendolyn Button's Motion for Preliminary Injunction. (ECF No. 7.) Button asks the Court to enjoin Defendants from foreclosing on her home, located at 19422 Jacobs Avenue, Cerritos, CA 90703, until this Court renders a judgment on the merits. Specifically, Button moves to enjoin Defendants based on her claims for: fraud; elder financial abuse; conversion; Truth In Lending Act ("TILA") violations; Unlawful, Unfair, and Fraudulent Business Practices Act ("UCL") violations; and wrongful foreclosure.[1]

---

[1] Having considered the papers filed in support of and in opposition to this motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## I. BACKGROUND

Button is the owner of real property located at 19422 Jacobs Avenue, Cerritos, CA 90703. (Compl. ¶ 1.) On April 21, 2007, Button executed an adjustable-rate note for $608,000 in favor of Defendant GreenPoint Mortgage Funding, Inc. (*Id.* ¶ 15.) The note was secured by a Deed of Trust executed on the same day, and was recorded on April 30, 2007. (*Id.*) Button negotiated the transaction with the help of her son, Richard Button, who was present at the signing and was a real-estate professional. (Opp'n 1–2.)

Shortly after closing, Button defaulted on her payments. (Hall Decl. ¶¶ 5–7.) Significant efforts were made by Aurora Loan Services LLC to restructure the loan; but Button continued to miss scheduled payments. (*Id.* ¶¶ 11, 12, 18, 19, 23–26.) Button was offered three workout agreements to reduce her monthly payment, including a payment plan that reduced her monthly payment to $1,377.50. (*Id.* ¶ 24.)

On July 23, 2010, after three years of attempts to avoid foreclosing on Button's residence, Quality Loan Service Corporation recorded a notice of default and an election to sell, as an agent for the beneficiary. (Opp'n 2.) The notice included a declaration by Aurora evidencing the steps taken to contact Button prior to recording. (*Id.*) A foreclosure sale was scheduled for July 19, 2012. (*Id.*) Button then filed her Complaint on June 25, 2012. (ECF No. 1.) The foreclosure sale scheduled for July 19, 2012, was stayed because of the Temporary Restraining Order issued by the Court. (ECF No. 11.)

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a preliminary injunction must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and, (4) an injunction is in the public interest. *Id.* at 20; *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011). In each

case, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987). Further, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

## III. DISCUSSION

### A. Likelihood of success on the merits

Button's Complaint alleges unlawful acts that fall into two categories: those relating to the origination of the loan; and those relating to the foreclosure of the loan. The Court divides the likelihood-of-success analysis into those two categories.

#### *1. Origination-based claims – statute of limitations*

Defendants argue that Button's origination-based claims fail because they are time barred. (Opp'n 5–6.) To be valid, a claim must be asserted within the time allotted by statute. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005). The statute of limitations applies to Button's claims as follows:

- Fraud claims – Three years. Cal Civ. Proc. Code § 338(d);
- Elder Abuse – Four years. Cal. Welf. & Inst. Code § 15657.7;
- Conversion – Three years. Cal. Civ. Proc. Code § 338(b);
- TILA claim – One year. 15 U.S.C. § 1640(e). The one-year period in § 1640(e) runs from the date of the consummation of the credit transaction at issue. *See King v. California.*, 784 F.2d 910, 913 (9th Cir. 1986);
- UCL claim – Four years. Cal. Bus. & Prof. Code § 17208;
- Rescission – Four years. Cal. Civ. Proc. Code § 337(3);
- Reformation – Three years. Cal. Civ. Proc. Code § 338(d); *Hal Roach Studios, Inc., v. Richard Feiner and Co.*, 896 F.2d 1542, 1547 (9th Cir. 1989).

/ / /

These claims arise from the origination of the note signed by Button on April 21, 2007. (Compl. ¶ 15). Defendants argue that accrual of the statute of limitations should begin on the closing date, April 30, 2007. (Opp'n 6.) The Court agrees. Unless there is an exception, the statute of limitations runs from the date of consummation of Button's transaction. *See King*, 784 F.2d at 915. And because Button filed her Complaint on June 25, 2012, all of the above claims are time barred.

But one exception to the statute of limitations is the discovery rule, which allows for a delay in the accrual of a cause of action until a plaintiff "discovers or has reason to discover, the cause of action." *Fox*, 35 Cal. 4th at 807. Button argues that her claims are timely because she did not learn of the cause of action until August 2011. (Compl. ¶¶ 32, 110–11.)

To warrant a delayed accrual under the discovery rule, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808. Furthermore, the plaintiff must show that diligence was exercised, but "conclusory allegations will not withstand demurrer." *Id.*

Here, Button fails to show she exercised due diligence prior to the running of the statute of limitations. Button alleges several irregularities: a rushed, eight-minute signing of loan documents; a notary fee when a notary was not present; Defendants' failure to provide all of the legally required disclosures; and Defendants' failure to provide Button with a copy of the executed loan documents. (Compl. ¶ 27.) But in spite of these misgivings, Button failed to bring suit until June 2012—five years after the close of the loan occurred.

More importantly, Button fails to show that prior to 2011, she attempted to garner copies of the documents she signed. Button's Complaint only contains conclusory allegations as to why she was unable to discover the causes of action. (*See* Compl. ¶¶ 32, 110–11.) The Court finds it implausible that Button, after recognizing the irregularities (and alleged fraud) committed against her in 2007, has not lifted a

finger to investigate (or pursue those claims) until 2011. And it was only on June 2012 that she filed a Complaint, days before her home was scheduled for foreclosure. Because the plaintiff bears the burden to show diligence—but has not done so—the Court finds the discovery-rule exception to the statute of limitations cannot apply. Thus, these time-barred origination-based claims have no likelihood of success on the merits.

### *2. Foreclosure-based claims*

For Button's foreclosure-based claims, she alleges that Aurora had no beneficial interest in the deed of trust at the time Aurora filed the notice of default; and therefore, cannot foreclose on her home. (Compl. ¶ 40.) Thus, Button contends that the notice is "void ab initio" because it was improperly recorded. (*Id.*) But this theory lacks merit.

Under California Civil Code section 2924(a)(1), a "trustee, or any duly authorized agent," may initiate a foreclosure action. Cal. Civ. Code § 2924(a). In a similar case, Button's theory was flatly rejected. *See Yau v. Duetsche Bank Nat. Trust Co. Ams.*, No. SACV 11-00006-JVS(RNBx), 2011 U.S. Dist. LEXIS 138584 (C.D. Cal. 2011). In *Yau*, the court explains that by statute, "a substitution of trustee may be filed after a notice of default is recorded so long as proper notice is given." *Id.* at *23.

Because a substitution can occur after a notice is recorded and the note was secured by a deed of trust, Button's arguments fail to show a likelihood of success on the merits regarding the wrongful foreclosure causes of action.

Button also alleges that the threatened foreclosure is wrongful because it was procured by fraud. But because any fraud by Defendants is precluded by the statute of limitations, as discussed above, this allegation is entirely without merit.

And since Button has not shown a likelihood of success on any of her claims, this factor weighs in favor of denying the preliminary injunction.

/ / /

/ / /

### B. Irreparable harm

To warrant preliminary injunctive relief, Button must show that irreparable harm is likely, absent such relief. *Winter*, 555 U.S. at 22. Injunctive relief should not be granted if irreparable harm is absent and there exists an adequate remedy at law. *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974). But irreparable harm may not be presumed. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1215 (C.D. Cal. 2007). Issuing a preliminary injunction based only on a possibility of irreparable harm is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Button argues that injunctive relief is necessary because without the extraordinary relief requested, her property will be wrongfully foreclosed, and no pecuniary damages will be able to rectify the damages suffered. (Mot. 5.)

The Court is sympathetic to this 80-year-old widow's claims, and agrees that a claim for wrongful foreclosure would rise to the level of irreparable harm. There is no damage as great as the ousting of one from her home. Thus, this factor weighs in Button's favor.

### C. Balance of the equities

In ruling on Button's Motion, the Court must also consider the effect that granting injunctive relief would have on Defendants. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987). The Court must balance the parties' competing claims of injury prospectively resulting from granting or withholding the requested relief. *Id.*

Button argues that the prospective harm to her, if the preliminary injunction is denied, is greater than harm to Defendants if the Motion is granted. (Mot. 6.) Button reasons Defendants would suffer no injury if the sale is delayed pending this action, whereas she would lose her home. (*Id.*) Yet Button submits no rationale for why Defendants would not be harmed by an order enjoining the foreclosure sale.

The Court finds that Defendants have not received payments on their loan for a considerable time—at least since 2009. (Hall Decl. ¶ 21–22.) Although the amount owed may be a substantial amount, this harm pales in comparison to expelling Button from her home—assuming Button's claims are meritorious. Accordingly, the Court finds that this factor favors Button.

**D.    Public interest**

Finally, a plaintiff seeking an injunction must establish that the injunction is in the public interest. *Internet Specialties West, Inc. v. Milon-Digiorgio Enters.*, 559 F.3d 985, 993 (9th Cir. 2009). When an injunction is narrowly tailored and affects only the parties to suit, "the public interest will be at most a neutral factor in the analysis." *Stormans, Inc.*, *v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009). Here, the action is limited to the parties involved and does not have an impact on the public. Therefore, the public interest factor is neutral and favors neither party.

## IV.    CONCLUSION

Upon balancing the foregoing factors, the Court finds that Button has failed to demonstrate that she is entitled to preliminary injunctive relief. In particular, the Court notes that Button has little likelihood of prevailing on the merits of her Complaint. Accordingly, Button's Motion for Preliminary Injunction is **DENIED**. Further, Defendants' Motion to Strike (ECF. No. 29) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

September 11, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**